ROBINS KAPLAN LLP
David B. Shemano (State Bar No. 176020)
DShemano@RobinsKaplan.com
James P. Menton, Jr. (State Bar No. 159032)
JMenton@RobinsKaplan.com
2049 Century Park East, Suite 3400
Los Angeles, CA  90067
Telephone:    310 552 0130
Facsimile:    310 229 5800

Special Litigation Counsel for Alfred H. Siegel, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GENIUS PRODUCTS, LLC,<br><br>        Debtor. | Case No. 2:11-bk-62283-BB<br><br>Chapter 7 |
| ALFRED H. SIEGEL, CHAPTER 7 TRUSTEE FOR THE ESTATE OF GENIUS PRODUCTS, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>THE WEINSTEIN COMPANY LLC and THE WEINSTEIN COMPANY HOLDINGS LLC,<br><br>        Defendant. | Adv. No. 2:15-ap-01241-BB<br><br>**STIPULATED PROTECTIVE ORDER** |

## PURPOSE AND LIMITATIONS

1. Disclosure and discovery in this Action are likely to involve the production of confidential, proprietary and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending against this litigation is warranted. Accordingly, plaintiff Alfred H. Siegel, chapter 7 trustee for the estate of Genius

Products, LLC (the "Plaintiff"), and defendants The Weinstein Company LLC and The Weinstein Company Holdings LLC (collectively, the "Defendants") hereby stipulate to and petition the Court to enter the following stipulated protective order (the "Protective Order"). The parties acknowledge this Protective Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge that this Protective Order creates no entitlement to file confidential information under seal; Local Bankruptcy Rule 5003-2(c) sets forth the procedures that must be followed and reflects the standards that will be applied if a party seeks permission from the Court to file material under seal.

## DEFINITIONS

2. The following terms, as used within this Protective Order, are defined as follows:

   a. <u>Action</u>: means and refers to the above-captioned lawsuit entitled *Alfred H. Siegel, Chapter 7 Trustee for the Estate of Genius Products, LLC* v. *v. The Weinstein Company LLC, et al.,* United States Bankruptcy Court, Central District of California, Adversary Proceeding No. 2:15-ap-01241-BB, all actions now or later consolidated with the Action, and any appeal from the Action, through final judgment;

   b. <u>"Confidential" information or items</u>: means and refers to all information (regardless of how generated, stored, or maintained) or tangible things that constitute or reveal any confidential, proprietary, trade secret, and/or private information and that qualify for protection under standards developed under applicable law;

   c. <u>Counsel</u> (without qualifier): means and refers to Outside Counsel and House Counsel, as well as their respective employees and support staff;

   d. <u>Designating Party</u>: means and refers to a Party or non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential";

e. <u>Disclosure or Discovery Material</u>: means and refers to all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, tangible things, writings and information, whether in hard copy form, in electronically readable form, verbal, or otherwise) that are produced or generated in disclosures or responses to discovery in this Action, or are voluntarily produced or exchanged in this Action;

f. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action;

g. <u>House Counsel</u>: means and refers to all attorneys who are employees of a Party. House Counsel does not include Outside Counsel of Record or any other outside counsel;

h. <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action;

i. <u>Outside Counsel</u>: means and refers to attorneys who are not employees of a Party but who are retained to represent or advise a Party, and shall include other persons employed by their law firms who are working on this Action;

j. <u>Party or Parties</u>: means and refers to any party to this Action, including, in the case of parties other than individuals, their officers, directors, members, employees, and agents;

k. <u>Producing Party</u>: means and refers to a Party or non-Party that produces Disclosure or Discovery Material in this Action;

l. <u>Protected Material</u>: means and refers to any Disclosure or Discovery Material that is designated as "Confidential" and the information contained therein;

m. <u>Receiving Party</u>: means and refers to a Party that receives Disclosure or

Discovery Material from a Producing Party; and

    n.    <u>Professional Vendor(s)</u>: means and refers to persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**SCOPE**

3.    This Protective Order shall govern not only all Protected Material as defined above, but also all copies, excerpts, summaries or compilations thereof, materials based upon or derived therefrom, including analyses, memoranda, or notes, and testimony, conversations, or presentations by Parties or Counsel that might reveal Protected Material.

**APPLICABILITY, DURATION AND**

**RETURN OF DISCOVERY MATERIALS**

4.    The provisions of this Protective Order shall apply to (a) the Parties currently named or later joined in this Action and their Counsel in this Action; and (b) any other person who or entity that produces Protected Material in this Action, testifies in this Action, or agrees to be bound by the terms of this Protective Order. Any person from whom discovery is sought shall be entitled to designate materials and testimony produced in this Action as "Confidential" pursuant to the terms of this Protective Order. Furthermore, any Party, pursuant to this Protective Order, may, as hereinafter provided, designate as "Confidential" Disclosure or Discovery Material produced by any non-Party that the Party in good faith believes to be confidential, proprietary and/or private information for which special protection from public disclosure is warranted.

5.    The restrictions contained herein on the use or disclosure of Protected Material shall not apply to any information, document or tangible thing that:

    a.    has been obtained lawfully by a Receiving Party, other than through discovery in this Action, from a person who or entity that, to the best of such Receiving Party's knowledge, was not at the time such information,

document or tangible thing was obtained by such Receiving Party, under a duty (contractual or otherwise) to maintain such information, document or tangible thing in confidence; or

  b. is public knowledge or becomes public knowledge after disclosure under this Protective Order (other than through an act or omission of a person or entity receiving such information, document or tangible thing designated as "Confidential").

Nothing in this Protective Order shall be construed as a restriction on the use or disclosure of such information, document or tangible thing by the Party supplying the information, document or tangible thing.

6. The confidentiality obligations imposed by this Protective Order shall survive final termination of this Action and shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. Upon final termination of this Action, including any appeals, Outside Counsel for each Receiving Party shall each be permitted to retain copies of Protected Material received from the Designating Party contained or referenced in pleadings, transcripts of any hearings or trials, exhibits introduced or otherwise used in any such hearings or trials; and, together with the Receiving Party, shall, subject to paragraph 18 below and/or any document preservation obligations arising in respect of pending legal claims (other than in this Action) prior to the destruction provided for in this paragraph 6, employ the following procedures for all other Protected Material received from the Designating Party:

  a. Within ninety (90) days following the final termination of the Action, including any appeals, the Receiving Party or its Outside Counsel shall –

    1. Return to the Designating Party or destroy all printed or "hard" originals of Protected Material received from that Designating Party, as well as all printed or "hard" copies thereof. If the Receiving Party or its Outside Counsel elects to destroy printed or "hard" copies of Protected Material, it shall certify in writing to the Designating Party that, based on a reasonably diligent review, the Receiving Party or its Outside Counsel has destroyed all such documents in its

possession, custody, or control.

2. If Protected Material from a Designating Party is stored or otherwise maintained electronically by the Receiving Party or its Outside Counsel, including but not limited to on an email system or server, an internal document storage program, computer or external hard drive, disk, cloud storage, or other electronic media, the Receiving Party or its Outside Counsel shall take all reasonable steps to delete said Protected Material to the fullest extent technologically possible and, in any event, render it inaccessible. Further, as to any electronic versions of Protected Material existing on backup storage media (including but not limited to backup "tapes" and archived email programs), the Parties agree that such electronic copies shall be subject to and deleted pursuant to such Receiving Party's and its Outside Counsel's routine data backup and retention policies, and that the actual permanent deletion of such Protected Material may occur as such backup media is overwritten or otherwise as part of document deletion procedures in the normal course of business. The Receiving Party or its Outside Counsel shall not in any event make any attempt to retrieve, restore, review, disseminate, or use the Protected Material stored on any such backup storage media for any purpose, and must promptly take steps to delete or sequester such Protected Material if a backup containing such data is ever retrieved or restored for any purpose.

**DESIGNATION OF PROTECTED MATERIAL**

7. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Indiscriminate designations are prohibited. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

8.  <u>Manner And Timing Of Designations</u>.  Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Protective Order requires:

    a.  <u>For information in documentary forms</u> (apart from transcripts of depositions or other pretrial or trial proceedings), the designation "Confidential" should be placed in the lower left or right hand corner of each page of the document, or such other area of each such page as to avoid obscuring any original material.  For lengthy documents, the designation may be made on the first page to apply to the entire document. If a Producing Party agrees to make original documents or materials available for inspection, that Producing Party need not designate those documents or materials for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential."

    b.  <u>For discovery responses</u>, the designation "Confidential" should be placed on the caption page and on each page that contains Protected Material.

    c.  <u>Testimony</u> taken at a deposition, as well as exhibits used in connection with such testimony, may be designated as "Confidential" by making a statement to that effect on the record at the deposition.  Arrangements shall be made with the court reporter taking and transcribing such proceeding to bind separately such portions of the transcript containing information designated as "Confidential" and/or exhibits to depositions that contain Protected Material and to label such portions with the appropriate designation.  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, any Party and any

        non-Party that sponsors, offers, or gives the testimony may invoke on the record before the deposition or proceeding is concluded, or within three (3) court days thereafter by email to counsel of record, a right to have up to forty-five (45) days from the date of receipt of a copy of the transcript to identify the specific portions of the testimony as to which protection is sought.  Only those portions of the testimony that are appropriately designated for protection within the forty-five (45) day period shall be covered by the provisions of this Protective Order.  During such forty-five (45) day period, the entire transcript shall be deemed "Confidential."

    d.    <u>For information produced in some other form, and for any other tangible items</u>, the Designating Party must affix in a prominent place on the exterior of any container, canister, disk, CD, DVD, or other media or receptacle in which Protected Material is kept or stored the legend "Confidential."  If there is no place upon which to put such legend, then the Designating Party must describe in writing and in sufficient detail the Protected Material, indicate whether the Protected Material is designated "Confidential," and provide this writing to all other Parties before or at the time production is made or, in the case of a production of Protected Material by a third party, within thirty (30) days of that production.

9.    <u>Inadvertent Failures To Designate</u>.  If corrected, an inadvertent failure to designate Disclosure or Discovery Materials as Protected Material at the time of production does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material by subsequently designating such material "Confidential."  If material is designated as "Confidential" after the material was initially produced, the Receiving Party, upon notification thereof, immediately shall treat the material as fully subject to this Protective Order as if it had been initially so designated and shall make reasonable and good faith efforts to assure that the material, including any analyses, memoranda, or notes which were internally generated based upon such material, is treated in accordance with the provisions of this Protective Order;

provided, however, that the Receiving Party shall incur no liability for any previous treatment of such information in conformance with its original designation or lack thereof.

10. <u>Production of Privileged Information</u>.  Except as otherwise provided herein, nothing in this Protective Order is intended to alter the rights and obligations of the Parties in connection with information produced in discovery that is subject to a claim of privilege or attorney work product, all of which shall be governed by applicable laws, including, without limitation, Federal Rule of Civil Procedure 26(b)(5)(B).  Notwithstanding the foregoing, with respect to the production of electronically stored information by the Trustee or by Weinstein, the production of privileged or work-product protected documents or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding, and this Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

**CHALLENGING CONFIDENTIALITY OBJECTIONS**

11. <u>Timing Of Challenges</u>.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid a foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

12. <u>Meet And Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party fourteen (14) days within which to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation, or such additional time as the challenging Party and the Designating Party may agree in writing.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

13. <u>Judicial Intervention</u>.  A party that elects to press a challenge to a confidentiality

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

designation after considering the justification offered by the Designating Party may file and serve a motion under Federal Rules of Bankruptcy Procedure 9013 and 9014 that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue. The burden of persuasion in such challenge proceeding shall be on the Designating Party. Subject to the Court's ruling on the challenge, each party shall continue to afford the material in question the level of protection associated with the Producing Party's designation.

**ACCESS TO AND USE OF PROTECTED MATERIAL**

14. Except with the prior consent of the Designating Party, Protected Material shall not be disclosed except in accordance with the terms of this Protective Order or any Order of this Court. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, including any appeals. Such Protected Material may be disclosed only to the categories of persons and entities and under the conditions described in this Protective Order. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons and entities authorized under this Protective Order.

15. <u>Disclosure of Protected Material</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material only to the following:

    a. The Receiving Party's Outside Counsel of record in this Action, all of whom shall be deemed bound by the terms of this Protective Order;

    b. The officers, directors, accountants, financial advisors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for purposes of this litigation, all of whom shall be

|   |   |                                                                                                   |
|---|---|---------------------------------------------------------------------------------------------------|
| 1 |   | deemed bound by the terms of this Protective Order;                                               |
| 2 | c. | Experts of the Receiving Party (as defined in this Protective Order) to whom disclosure is reasonably necessary for purposes of this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A; |
| 6 | d. | The Court and its personnel;                                                                      |
| 7 | e. | Court reporters, deposition videographers and their respective staff;                             |
| 8 | f. | Professional Vendors;                                                                             |
| 9 | g. | Professional jury or trial consultants and mock jurors to whom disclosure is reasonably necessary for purposes of this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A; |
| 13 | h. | Any deposition, trial or hearing witness in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A; provided, however, that if any such witness refuses to sign the |
| 17 | i. | "Acknowledgement and Agreement to be Bound by Protective Order," such witness shall be advised that Protected Materials to which access is given are being disclosed pursuant to, and are subject to, the terms of a Stipulated Protective Order and may not be disclosed other than pursuant to its terms; |
| 22 | j. | The author or recipient of the Protected Material, as designated on the face of, or otherwise reflected on, such Protected Material; and |
| 24 | k. | Other persons or entities to whom disclosure is reasonably necessary or desirable as agreed to by both Plaintiff and Defendants in writing and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A. |

Robins Kaplan LLP
Attorneys At Law
Los Angeles

61211182.4                                              - 11 -                    STIPULATED PROTECTIVE ORDER

1    16.    <u>Agreement To Be Bound By Protective Order</u>.

2        a.    Outside Counsel for each Party will be responsible for maintaining the originals of the "Acknowledgement and Agreement To Be Bound By Protective Order" until the conclusion of this Action, including any appeals.

6        b.    Any person who receives Protected Material pursuant to paragraph 15 above shall only make such copies of or notes based upon the Protected Material as are reasonably necessary to enable him, her or it to render the assistance required in connection with this litigation, will preserve such notes and copies in a separate file, and, upon his, her or its termination of work in connection with this Action, will return to the Outside Counsel who provided such Protected Materials to him, her or it all such notes, copies, and other materials containing or derived from the Protected Materials.  Lastly, any such person or entity will not use the Protected Material, or any information derived therefrom, for business or competitive purposes or for any purpose other than the prosecution, defense or settlement of this Action.

## DEPOSITION PROCEDURES

17.    At any deposition session, when use of a document or the answer to a question is likely to result in the disclosure of Protected Material, Outside Counsel shall have the option, in lieu of taking other steps available under the Federal Rules of Civil Procedure, to request that all persons and entities other than the court reporter, videographer, Counsel, and individuals specified in paragraph 15 above leave the deposition room during the "Confidential" portion of the deposition.

## PROTECTED MATERIAL SUBPOENAED OR
## ORDERED PRODUCED IN OTHER LITIGATION

18.    If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this Action as

"Confidential," the Receiving Party must so notify the Designating Party's counsel of record in this Action in writing (by email and overnight delivery) not more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.  The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue.  The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THE LITIGATION

19. The terms of this Protective Order are applicable to information produced by a Non-Party in this Action and designated as "Confidential."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Protective Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

20. If a Party is required, by valid discovery request, to produce material in its possession that the Party reasonably believes is a Non-Party's confidential information, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then, to the extent any such agreement continues to protect the disclosure of the Non-Party's confidential information, the Party shall:

    a.    notify in writing the Requesting Party that some or all of the information requested may be subject to a confidentiality agreement with a Non-Party;

      b.    notify in writing the Non-Party of the request for information that may be subject to a confidentiality agreement with a Non-Party; and

      c.    make the information requested available for inspection by the Non-Party, if requested.

21.    If the Non-Party fails to seek a protective order from the Court within 21 days of receiving the notice as provided in paragraph 20.b. above, or such additional time as the Receiving Party and the Non-Party may agree in writing, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is the subject of the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in the Court of its Protected Material.

**UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

22.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or entity or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or entity or persons or entities to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or entity or persons or entities to execute the "Acknowledgment and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A.

**FILING PROTECTED MATERIAL**

23.    Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons ("Authorizing Order"), a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Bankruptcy Rule 5003-2(c). A Court order denying permission to file Protected Material under seal shall be deemed to constitute an Authorizing Order. Prior to trial or any evidentiary hearing ("Testimonial Proceeding") at which a Party

anticipates using any Protected Material, such Party shall meet and confer with the Designating Party reasonably in advance of the Testimonial Proceeding to discuss a method for introducing into evidence, or otherwise using, any such Protected Material during the Testimonial Proceeding and then shall propose to the Court one or more such methods; provided, however, that a Court's failure to adopt or approve of any such method proposed shall not prevent, or otherwise, affect, and may not be used as a basis for objecting to, the admissibility or use of such Protected Material during the Testimonial Proceeding.

### FURTHER MOTIONS NOT PRECLUDED

24. Entry of this Protective Order shall be without prejudice to any motion for relief from the provisions hereof or to modify this Protective Order or to any motion for further restriction on the production, exchange, or use of any Disclosure or Discovery Material or other information in the course of this Action; provided, however, that no such motion shall be made after the entry of a final judgment or settlement.

### MISCELLANEOUS

25. No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

26. The Court shall retain jurisdiction to enforce the terms of this Protective Order subsequent to entry of judgment or settlement of this Action.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:

DATED: September 14, 2016

ROBINS KAPLAN LLP

By: _____
David B. Shemano
James P. Menton, Jr.

Special Litigation Counsel for Alfred H. Siegel, Chapter 7 Trustee

DATED: September 12, 2016

FOX ROTHSCHILD LLP

By: _____
Alan R. Friedman
William H. Stassen

Attorneys for Defendants The Weinstein Company LLC and The Weinstein Company Holdings LLC

**PURSUANT TO STIPULATION, IT IS SO ORDERED**

Dated:_____

_____
The Honorable Sheri Bluebond
United States Bankruptcy Court Judge

# EXHIBIT A

# **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States Bankruptcy Court for the Central District of California in the case *Alfred H. Siegel, Chapter 7 Trustee for the Estate of Genius Products, LLC* v. *v. The Weinstein Company LLC, et al.,* Adversary Proceeding No. 2:15-ap-01241-BB.  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

I further agree to submit to the jurisdiction of the United States Bankruptcy Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Signature: _____

Printed name: _____

61211182.4                            - 17 -                    STIPULATED PROTECTIVE ORDER

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

ROBINS KAPLAN LLP
2049 Century Park East, Suite 3400
Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **STIPULATED PROTECTIVE ORDER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **September 14, 2016**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Alan R Friedman    afriedman@foxrothschild.com, dkatz@foxrothschild.com
- Mette H Kurth    mkurth@foxrothschild.com, pchlum@foxrothschild.com
- James P Menton    JPMenton@rkmc.com
- Manoj D Ramia    manoj.ramia@klgates.com, klgatesbankruptcy@klgates.com
- David B Shemano    dshemano@robinskaplan.com
- Alfred H Siegel (TR)    Al.siegel@asiegelandassoc.com, Lisa.irving@asiegelandassoc.com;Margo.tzeng@asiegelandassoc.com;asiegel@ecf.epiqsystems.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date* **September 14, 2016** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Judge:**
Hon. Sheri Bluebond
United States Bankruptcy Court-Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1482 / Courtroom 1475
Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 14, 2016 | Diana Tehranfar | /s/ Diana Tehranfar |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**F 9013-3.1.PROOF.SERVICE**
61237860.1