Alan R. Friedman (SBN 241904)
afriedman@foxrothschild.com
William H. Stassen (admitted *pro hac vice*)
Mette H. Kurth (SBN 187100)
mkurth@foxrothschild.com
Fox Rothschild LLP
1800 Century Park East Suite 300
Los Angeles, CA 90067-1506
Telephone: 310-598-4150
Facsimile: 310-556-9828

Attorneys for The Weinstein Company LLC
and The Weinstein Company Holdings LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

In re

GENIUS PRODUCTS, LLC,

Debtor.

Case No. 2:11-bk-62283-BB

Chapter 7

ALFRED H. SIEGEL, CHAPTER 7 TRUSTEE FOR THE ESTATE OF GENIUS PRODUCTS, LLC,

Plaintiff,

v.

THE WEINSTEIN COMPANY LLC and THE WEINSTEIN COMPANY HOLDINGS LLC,

Defendants.

Adv. No. 2:15-ap-1241-BB

**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Date: November 1, 2016
Time: 2:00 p.m.
Place: U.S. Bankruptcy Court
Edward R. Roybal Federal Bldg.
Courtroom 1539
255 East Temple Street
Los Angeles, CA 90012
Judge: Hon. Sheri Bluebond

Defendants The Weinstein Company LLC ("TWC") and The Weinstein Company Holdings, LLC ("TWC Holdings") (together, "Defendants") hereby respectfully request that this Court enter

partial judgment on the pleadings in favor of Defendants on Counts II and III of the Complaint of Alfred H. Siegel, Chapter 7 Trustee ("Trustee") for the Estate of Genius Products, LLC (the "Debtor"). This motion seeks the entry of judgment in Defendants' favor only with regard to the Trustee's claims that a July 17, 2006 Distribution Agreement (the "2006 Distribution Agreement") between TWC and the Debtor, and the payments made by the Debtor to TWC on account of that agreement, should be avoided as constructively fraudulent transfers.

There are good and sufficient grounds for granting this motion, brought pursuant to Federal Rules of Civil Procedure 12(c) and Federal Rule of Bankruptcy Procedure 7012(b). First, the Trustee is time-barred from avoiding the obligations incurred by the Debtor under the 2006 Distribution Agreement because the applicable four-year statute of limitations expired prior to December 27, 2011, the date the Debtor's bankruptcy petition was filed. Second, the Trustee admits that each transfer that is the subject of Defendants' motion was made "on account of obligations under the [2006] Distribution Agreement…." *See* Complaint [DE 1] at ¶¶ 37, 54. Third, the Ninth Circuit Court of Appeals has clearly held that if a transfer is made in satisfaction of a "right to payment," the transfer is made for "reasonably equivalent value," which, as a matter of law, precludes a determination that the transfer was constructively fraudulent. *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1146 (9th Cir. 2013). Accordingly, because (i) the Trustee is time-barred from avoiding the obligations created by the 2006 Distribution Agreement, and (ii) admits that each transfer was made on account of the obligations under the 2006 Distribution Agreement, each such transfer was, by definition, made for reasonably equivalent value and judgment should be entered in favor of Defendants.

Entry of judgment on the pleadings with respect to the Trustee's claim concerning the 2006 Distribution Agreement and the payments made on account of that agreement will significantly narrow not only the claims in this lawsuit, but also the scope of discovery. The time period at issue in the case will narrow substantially, the number of transfers in issue will narrow by almost 50% and the amount of the claim will decrease by more than $60 million. This narrowing of the case will significantly decrease the scope of party, non-party and expert discovery, thereby avoiding substantial and unnecessary litigation expense and effort.

Accordingly, judgment on the pleadings should be entered against the Debtor and in favor of Defendants with regard to the Debtor's claims as to the 2006 Distribution Agreement and the transfers made on account of that agreement.

This motion is based on the accompanying Memorandum of Points and Authorities, which is incorporated herein; the pleadings filed in this adversary proceeding and the related chapter 7 case; and such other evidence and argument as may properly come before the Court at any hearing on this motion.

**WHEREFORE,** Defendants The Weinstein Company LLC and The Weinstein Company Holding LLC respectfully request that the Court enter an order:

1. Granting this Motion;
2. Entering partial judgment on the pleadings as to Counts II and III in favor of Defendants such that judgment is entered that the Trustee may not avoid the 2006 Distribution Agreement and the payments made on account of the obligations under that agreement; and
3. Granting such further relief as is just and appropriate.

Dated: October 11, 2016

**FOX ROTHSCHILD LLP**

By: /s/ *Alan R. Friedman*
Alan R. Friedman
William H. Stassen (admitted *pro hac vice*)
Mette H. Kurth
Attorneys for Defendants
The Weinstein Company LLC and
The Weinstein Company Holdings LLC

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES .... 1

I. PRELIMINARY STATEMENT .... 1

II. RELEVANT FACTUAL BACKGROUND .... 2

III. LEGAL ARGUMENT .... 3

A. Legal Standard for Judgment on the Pleadings Pursuant to Rule 12(c) .... 3

B. The Trustee Is Time-Barred From Avoiding The 2006 Distribution Agreement .... 4

C. Each Payment On Account Of The 2006 Distribution Agreement Was, As a Matter of Law, Made In Exchange For Reasonably Equivalent Value .... 5

IV. CONCLUSION .... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re AFI Holding, Inc.*, 525 F.3d 700 (9th Cir. 2008) ........ 6

*Brandt v. Widin Corp (In re 3DFX Interactive Inc.)*, 389 B.R. 842,865 (Bankr. N.D. Cal. 2008) ........ 3

*Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480 (9th Cir. 1984) ........ 3

*In re Dynamic Random Access Memory (Dram) Antitrust Litig.*, 516 F. Supp. 2d 1072 (N.D. Cal. 2007) ........ 4

*In re EPD Investment Co., LLC*, 523 B.R. 680 (B.A.P. 9th Cir. 2015) ........ 5

*In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141 (9th Cir. 2013) ........ 1, 5, 6

*Fleming v. Pickard*, 581 F.3d 922 (9th Cir. 2009) ........ 4

*Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971 (9th Cir. 1999) ........ 3, 4

*Krommenhoek v. Natural Resources Recovery, Inc. (In re Treasure Valley Opportunities, Inc.)*, 166 B.R. 701 (Bankr. D. Id. 1994) ........ 7

*Linares v. CitiMortgage, Inc.*, No. C-14-3435 EMC, 2015 WL 2088705 (N.D. Cal. May 5, 2015) ........ 5

*Marshack v. Wells Fargo Bank (In re Walters)*, 163 B.R. 575 (C.D. Cal. 1994) ........ 6

*Nelson v. City of Irvine*, 143 F.3d 1196 (9th Cir.), *cert. denied*, 525 U.S. 981 (1998) ........ 3

*In re United Energy Corp.*, 944 F.2d 589 (9th Cir. 1991) ........ 6

**Statutes**

11 U.S.C. § 101(12) and 5(A) ........ 6

11 U.S.C. § 544 ........ 3

11 U.S.C. § 548 .......... 5, 6

11 U.S.C. § 550 .......... 3

Cal. Civ. Code, § 3439.01 (b), (d) .......... 6

Civ. Cal. Code § 3439.03 .......... 5

Cal. Civ. Code § 2439.04(a)(2) .......... 3, 4, 6

Cal. Civ. Code § 3439.05 .......... 4

Cal. Civ. Code § 3439.07 .......... 4

Cal. Civ. Code § 3439.09 .......... 4

California Uniform Fraudulent Transfer Act .......... 2

**Other Authorities**

Fed.R.Bankr.P. 7012 .......... 1, 3

Fed. R. Civ. P. 12(c) .......... 1, 3

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants The Weinstein Company LLC ("TWC") and The Weinstein Company Holdings LLC ("TWC Holdings") (together, "Defendants") submit this memorandum in support of their motion for partial judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) and Fed. R. Bankr. P. 7012(b) seeking judgment in favor of Defendants on Counts II and III of the Complaint of Alfred H. Siegel, Chapter 7 Trustee ("Trustee") for the Estate of Genius Products, LLC (the "Debtor") to the extent the claims seek to avoid the July 17, 2006 Distribution Agreement entered into between the Debtor[1] and TWC (the "2006 Distribution Agreement") and the payments made to TWC "on account of obligations under the [2006] Distribution Agreement."

## I. PRELIMINARY STATEMENT

The Trustee is time-barred from avoiding the Debtor's obligations under the 2006 Distribution Agreement because the applicable four-year statute of limitations to bring the Trustee's constructive fraudulent transfer claim expired before December 27, 2011, when the petition for bankruptcy relief was filed (the "Petition Date"). Further, the Trustee admits that "[e]ach of the Transfers was made on account of the Debtor's obligations under the [2006] Distribution Agreement…." *See* Complaint [DE 1] at ¶ 54; *see also* Complaint at ¶ 37.[2] Because it is beyond dispute that each transfer that is the subject of this Rule 12(c) Motion was made pursuant to the Debtor's obligations under the 2006 Distribution Agreement, each such payment was, by binding Ninth Circuit Court of Appeals case law, made for reasonably equivalent value. The Ninth Circuit Court of Appeals has held that if a transfer is made in satisfaction of a "right to payment," the transfer is for "reasonably equivalent value," which precludes a determination that the transfer was constructively fraudulent. *See In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1146 (9th Cir. 2013).

[1] The parties to the 2006 Distribution Agreement are The Weinstein Company Funding LLC ("Funding LLC") and TWC. *See* 2006 Distribution Agreement attached to the Trustee's Complaint as Exhibit B. The Debtor was originally formed as Funding LLC. *See* Complaint ¶ 12.

[2] The Complaint contains allegations pertaining to transfers the Debtor made "on account of" multiple agreements, *i.e.*, "the [2006] Distribution Agreement, the [2008] Purchase Agreement, the [2008] TWC Note, the [2008] Amended Distribution Agreement, and/or the [2009] Restructuring Agreement." Complaint ¶ 37. This motion addresses the transfers the Debtor made on account of the 2006 Distribution Agreement.

The Debtor's receipt of reasonably equivalent value for each transfer "made on account of the Debtor's obligations under the [2006] Distribution Agreement" is a complete defense, as a matter of law, to the Trustee's constructive fraudulent transfer claim under the California Uniform Fraudulent Transfer Act ("CUFTA") as that claim relates to the 2006 Distribution Agreement. As such, Counts II and III cannot survive with respect to the 2006 Distribution Agreement and the transfers made on account of that agreement. Accordingly, partial judgment on the pleadings should be granted in favor of Defendants.

## II. RELEVANT FACTUAL BACKGROUND

On December 27, 2011, this bankruptcy case commenced with the filing of an involuntary petition for relief under chapter 7 of the Bankruptcy Code. *See* Complaint [DE 1] at ¶ 3. On May 4, 2012, the Court entered the Order for Relief. *Id.* at ¶ 4. On May 8, 2015, the Trustee initiated this adversary proceeding by filing a complaint ("Complaint") naming both TWC and TWC Holdings as defendants. *See generally* Complaint [DE 1].

The Trustee's Complaint alleges that on or about July 17, 2006 – *i.e.*, more than four years before the Petition Date – TWC, as licensor, and the Debtor, as licensee, entered into the 2006 Distribution Agreement. *See* Complaint [DE 1] at ¶15; Answer [DE 42] at ¶ 15. Pursuant to the 2006 Distribution Agreement, among other things, TWC granted the Debtor the exclusive right to distribute Videos in the United States. *See id.* Thereafter, the Debtor distributed Videos in the home video market in accordance with the terms of the Distribution Agreement. *See id.*

In Counts II and III of the Complaint, the Trustee seeks, in part, to avoid the 2006 Distribution Agreement and to recover payments the Debtor made to TWC pursuant to the terms of the 2006 Distribution Agreement.[3] *See* Complaint [DE 1] at ¶¶ 42, 48-49. Specifically, the Trustee alleges that the "Debtor did not receive reasonably equivalent value in exchange for the [2006] Distribution Agreement, its obligation to distribute each title requested by TWC pursuant to the

[3] The Trustee also asserts in Counts II and III that other agreements between the Debtor and Defendants – all of which were entered into in December 2008 or later (*see* Complaint ¶¶ 16-18, 44-47) and a number of which involved additional parties (*see* Complaint ¶¶ 16, 18) – as well as the payments made on account of those agreements – are constructively fraudulent transfers. This motion only addresses the Trustee's claims in respect of the 2006 Distribution Agreement and the transfers made thereunder.

[2006] Distribution Agreement, and its obligation to pay amounts to TWC pursuant to the [2006] Distribution Agreement." *Id.* at ¶ 49. Defendants filed their Answer to the Complaint on November 6, 2015 and the pleadings are now closed.[4]

Defendants look forward to establishing that the Trustee's claims with respect to all of the transfers and agreements challenged in the Complaint are without merit for multiple reasons, including without limitation, that they constitute a baseless hindsight attack on arm's length transactions for which reasonably equivalent value was given. *See, e.g., Brandt v. Widin Corp, (In re 3DFX Interactive Inc.)*, 389 B.R. 842, 865 (Bankr. N.D. Cal. 2008), *aff'd* 585 Fed.Appx. 626 (9th Cir. 2014) ("it is not the place of fraudulent transfer law to reevaluate or question [allegedly fraudulent transfers] with the benefit of hindsight"). However this motion, which is limited to the Trustee's claims concerning the 2006 Distribution Agreement and the transfers made on account of that agreement, rests upon the independent basis that judgment on the pleadings is appropriate, as a matter of law, with respect to the those claims under Federal Rule of Civil Procedure 12(c).

## III. LEGAL ARGUMENT

### A. Legal Standard for Judgment on the Pleadings Pursuant to Rule 12(c)

Pursuant to Rule 12(c), made applicable by Rule 7012 of the Federal Rules of Bankruptcy Procedure, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c); *see also* Fed.R.Bankr.P. 7012.

"A judgment on the pleadings is properly granted when, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 978-79 (9th Cir. 1999) (*quoting Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir.), *cert. denied*, 525 U.S. 981 (1998)); *Doleman v. Meiji Mut. Life Ins. Co.*, 727

[4] The Complaint set forth seven causes of action against Defendants, including: fraudulent transfer claims (Count I – III), breach of fiduciary duty claims (Counts V-VI), a claim for recovery of allegedly improper dividends (Count IV), and a claim for a declaration that Defendants are alter egos of the Debtor (Count VII). On October 23, 2015, Judge Neiter entered an order granting, in part, and denying, in part, a Motion to Dismiss ("Order"). *See* Order [DE 40]. Specifically, Judge Neiter granted the Motion to Dismiss as to Counts I, IV, V, VI, and VII. Consequently, the only remaining claims against Defendants in this adversary proceeding are for constructive fraudulent transfers. *See* Complaint [DE 1], at ¶¶ 42-62. Count II of the Complaint is entitled "SECOND CLAIM FOR RELIEF (Avoidance of Fraudulent Transfer – 11 U.S.C. § 544(b)(1) and Cal. Civ. Code §§ 2439.04(a)(2) and 3439.05)." Count III is entitled "THIRD CLAIM FOR RELIEF (Recovery of Fraudulent Transfer – 11 U.S.C. § 550)."

F.2d 1480, 1481 (9th Cir. 1984) (after citing standard, affirming district court's grant of judgment on the pleadings on first of three claims and portion of second claim); *see also Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (*citing Heliotrope, supra*).

**B. The Trustee Is Time-Barred From Avoiding The 2006 Distribution Agreement**

A court may properly enter judgment on the pleadings on time-barred claims. *In re Dynamic Random Access Memory (Dram) Antitrust Litig.*, 516 F. Supp. 2d 1072, 1098 (N.D. Cal. 2007) ("As such, the court finds that plaintiffs' antitrust claim pursuant to the UTPA is barred by the two-year statute of limitations, and defendants' motion for judgment on the pleadings with respect to this claim is therefore GRANTED.")

Here, the Trustee is time-barred from avoiding the 2006 Distribution Agreement because the statute of limitations expired prior to the Petition Date. The Trustee seeks to avoid the 2006 Distribution Agreement pursuant to Cal. Civ. Code §§ 3439.04(a) (2) and 3439.05. *See* Complaint [DE 1] at ¶¶ 42-56. Causes of action brought under Section 3439.04 or Section 3439.05 are governed by a four year statute of limitations. *See* Cal. Civ. Code § 3439.09.[5] The 2006 Distribution Agreement was entered into on July 17, 2006. *See* Complaint [DE 1] at ¶15; Answer [DE 42] at ¶ 15. Accordingly, the statute of limitations expired in July 2010 – more than a year before the December 27, 2011 Petition Date – and the Trustee's claim with respect to the 2006

[5] Section 3439.09 specifically provides:

> **A cause of action with respect to a transfer or obligation under this chapter is extinguished unless action is brought** pursuant to subdivision (a) of Section 3439.07 or levy made as provided in subdivision (b) or (c) of Section 3439.07:
>
> (a) Under paragraph (1) of subdivision (a) of Section 3439.04, not later than four years after the transfer was made or the obligation was incurred or, if later, not later than one year after the transfer or obligation was or could reasonably have been discovered by the claimant.
>
> **(b) Under paragraph (2) of subdivision (a) of Section 3439.04 or Section 3439.05, not later than four years after the transfer was made or the obligation was incurred.**
>
> (c) Notwithstanding any other provision of law, a cause of action under this chapter with respect to a transfer or obligation is extinguished if no action is brought or levy made within seven years after the transfer was made or the obligation was incurred.

Cal. Civ. Code § 3439.09 (emphasis added).

Distribution Agreement is, thus, time-barred. *See e.g., In re EPD Investment Co., LLC,* 523 B.R. 680, 692 (B.A.P. 9th Cir. 2015) (trustee may bring sate-law fraudulent transfer claim so long as claim exists on petition date); *Linares v. CitiMortgage, Inc.*, No. C-14-3435 EMC, 2015 WL 2088705, at *4 (N.D. Cal. May 5, 2015) (bankruptcy courts hold that trustee may assert claims on debtor's behalf if statute of limitations did not expire prior to petition date).

Because more than four years passed between the date of the 2006 Distribution Agreement and the Petition Date, the Trustee has no viable claim that the Debtor's entry into the 2006 Distribution Agreement is a constructively fraudulent transfer.

### C. Each Payment On Account Of The 2006 Distribution Agreement Was, As a Matter of Law, Made In Exchange For Reasonably Equivalent Value

TWC's "right to payment" under the terms of the 2006 Distribution Agreement is beyond challenge because the statute of limitations ran long before the Petition Date. Therefore, all transfers made on account of the 2006 Distribution Agreement are, pursuant to controlling Ninth Circuit case law, made for reasonably equivalent value because those transfers satisfy the "right to payment" created by the 2006 Distribution Agreement.

The Ninth Circuit Court of Appeals addressed a similar satisfaction of a "right to payment" when deciding whether a debtor's pre-bankruptcy transfer of funds to its sole shareholder in repayment of a purported loan constituted a constructively fraudulent transfer. *See In re Fitness Holdings Int'l, Inc.*, 714 F.3d at 1145. The Ninth Circuit ruled that it was necessary to apply the "interlocking statutory definitions" for "value" and "claim" in order to determine whether a debtor received less than a reasonably equivalent value in exchange for the transfer or obligation. *Id.* at 1145-46. Under CUFTA Section 3439.03: "Value is given for a transfer or an obligation if, in exchange for the transfer or obligation, property is transferred or an antecedent debt is secured or satisfied…."[6] The Ninth Circuit held that under the similar definition of "value" in the Bankruptcy Code, "to the extent a transfer constitutes repayment of the debtor's antecedent or present debt, the transfer is not constructively fraudulent." *Id.*

[6] Similarly, 11 U.S.C. § 548(d)(2)(A) states that "value" means "property, or satisfaction or securing of a present or antecedent debt of the debtor, but does not include an unperformed promise to furnish support to the debtor or to a relative of the debtor…."

The Ninth Circuit next considered the definitions of "debt" and "claim" under the Bankruptcy Code, and found that "debt" and "claim" have coextensive meanings such that "debt" is broadly defined to include "virtually any 'right to payment.'" *In re Fitness Holdings Int'l, Inc.*, 714 F.3d at 1146 (*quoting* 11 U.S.C. 101(12) and 5(A)).[7]

The Ninth Circuit then ruled:

> Under these interlocking definitions, **to the extent a transfer is made in satisfaction of a 'claim,' (*i.e.* a 'right to payment'), that transfer is made for 'reasonably equivalent value' for purposes of § 548(a)(1)(B)(i). And a determination that a transfer was made for 'reasonably equivalent value' precludes a determination that it was constructively fraudulent under § 548(a)(1)(B)**.

*Id.* (emphasis added).

To prevail on a constructive fraudulent conveyance claim under CUFTA, a Trustee must be able to establish, among other things, that "the debtor made the transfer or incurred the obligation...(2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation…."[8] *See* Cal. Civ. Code § 3439.04(a)(2); *see also In re Fitness Holdings Int'l, Inc.*, 714 F.3d at 1146 (creditors' committee could not recover as constructively fraudulent transfer, pre-petition loan repayments that debtor made to sole shareholder because transfers were in satisfaction of claim (*i.e.*, right to payment) and therefore were in exchange for value); *Marshack v. Wells Fargo Bank (In re Walters)*, 163 B.R. 575, 581 (C.D. Cal. 1994) (transfers from debtor to defendants on

---

[7] Likewise, under CUFTA, "debt" means "liability on a claim," and "claim" is defined as "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." Cal. Civ. Code, § 3439.01 (b), (d).

[8] The fraudulent transfer provisions of the CUFTA are similar to the Bankruptcy Code's fraudulent transfer provisions and the Ninth Circuit Court of Appeals has analyzed the statutes together. *See e.g., Marshack*, 163 B.R. at, 581 (*citing In re United Energy Corp.*, 944 F.2d 589, 594 (9th Cir. 1991)). The Ninth Circuit has held that "California's fraudulent transfer statutes are similar in form and substance to the Bankruptcy Code's fraudulent transfer provisions" and, therefore, "cases analyzing the Bankruptcy Code provisions are persuasive authority" with respect to the CUFTA. *In re AFI Holding, Inc.*, 525 F.3d 700, 703 (9th Cir. 2008).

personal guaranty "resulted in a dollar-for-dollar reduction in Debtor's liability under the initial guaranty," and "[a] proportionate reduction in rights or liability constitutes an exchange of reasonably equivalent value for fraudulent transfer purposes under the Bankruptcy Code or California state law"); *Krommenhoek v. Natural Resources Recovery, Inc. (In re Treasure Valley Opportunities, Inc.)*, 166 B.R. 701, 702-704 (Bankr. D. Id. 1994) (payments made pursuant to installment contract "were made for reasonably equivalent value" because "each payment toward the contract was the purchase of an interest in the contract equal to the amount of the payment").

Here, the Trustee admits that the transfers were each in satisfaction of a debt, *i.e.*, the Debtor's antecedent contractual obligations under the 2006 Distribution Agreement. *See* Complaint [DE 1] at ¶¶ 37, 54. Thus, each transfer was a dollar-for-dollar reduction in the Debtor's contractual liability – which liability cannot be challenged because the Trustee's claim with respect to the 2006 Distribution Agreement is time-barred. As such, each transfer constituted reasonably equivalent value and a full defense, as a matter of law, to the Trustee's constructive fraudulent transfer claim with respect to the transfers made on account of the 2006 Distribution Agreement.

Accordingly, the Trustee's Counts II and III fail as a matter of law with respect to the 2006 Distribution Agreement and the payments made on account of that agreement.

## IV. CONCLUSION

Defendants respectfully request that this Court (i) enter judgment on the pleadings in favor of Defendants on Counts II and III of the Complaint to the full extent that those Counts seek to avoid the 2006 Distribution Agreement and to avoid and recover the transfers made on account of the 2006 Distribution Agreement, and (ii) enter such other relief as the Court deems just and proper.

Dated: October 11, 2016

**FOX ROTHSCHILD LLP**

By: /s/_*Alan R. Friedman*________________________
Alan R. Friedman
William H. Stassen (admitted *pro hac vice*)
Mette H. Kurth
Attorneys for Defendants
The Weinstein Company LLC and
The Weinstein Company Holdings LLC