ROBINS KAPLAN LLP
David B. Shemano (State Bar No. 176020)
dshemano@robinskaplan.com
James P. Menton, Jr. (State Bar No. 159032)
jmenton@robinskaplan.com
2049 Century Park East, Suite 3400
Los Angeles, CA 90067
Telephone: (310) 552-0130

Special Litigation Counsel for Alfred H. Siegel,
Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>GENIUS PRODUCTS, LLC,<br><br>　　　　Debtor. | Case No. 2:11-bk-62283-RN<br><br>Chapter 7 |
| ALFRED H. SIEGEL, CHAPTER 7 TRUSTEE FOR THE ESTATE OF GENIUS PRODUCTS, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE WEINSTEIN COMPANY LLC, and THE WEINSTEIN COMPANY HOLDINGS LLC<br><br>　　　　Defendants. | Adv. No. 2:15-ap-01241-RN<br><br>**OPPOSITION OF ALFRED H. SIEGEL, CHAPTER 7 TRUSTEE, TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date: November 1, 2016<br>Time: 2:00 p.m.<br>Place: Courtroom 1539<br>　　　255 East Temple Street<br>　　　Los Angeles, CA |

Plaintiff Alfred H. Siegel, chapter 7 trustee (the "Trustee") for the estate of Genius Products, LLC (the "Debtor"), hereby files his opposition to the Motion For Judgment On The Pleadings (the "Motion"), filed by defendants The Weinstein Company LLC and The Weinstein Company Holdings LLC (collectively, "Weinstein").

## I.

## **THE MOTION SHOULD BE DENIED**

The Motion is a partial rehash of arguments previously made by Weinstein over a year ago and rejected by the Bankruptcy Court. The law and the facts have not changed since the arguments were previously considered and rejected by the Bankruptcy Court. The Trustee has alleged facts that state a claim for relief and Weinstein should stop its delaying tactics and start producing documents so this matter can move forward.

As alleged in the Complaint, the Debtor and Weinstein entered into the Distribution Agreement in 2006. As a result of liabilities incurred pursuant to the terms of the Distribution Agreement, the Debtor transferred over $130 million to Weinstein during the four years prior to the filing of the involuntary petition against the Debtor in December 2011. The Trustee alleges that the transfers were fraudulent transfers because (1) the Debtor was insolvent at all relevant times and (2) the Debtor did not receive reasonably equivalent value because the terms of the Distribution Agreement were onerous and one-sided.

**A. The Satisfaction Of Debt Incurred Under The Distribution Agreement Is Not Reasonably Equivalent Value Because The Incurrence Of Obligations Under the Distribution Agreement Was A Fraudulent Transfer**

Weinstein argues that the Transfers cannot be fraudulent transfers because the Transfers were made on account of antecedent debt, which is reasonably equivalent value by definition. This exact argument was made by Weinstein to the Bankruptcy Court in Weinstein's motion to dismiss for failure to state a claim filed on July 6, 2015, and its reply in support of the motion to dismiss filed on September 10, 2015. Docket No. 14, pages 34-35 of 46; Docket No. 28, pages 24-25 of 46. The argument was considered and rejected by the Bankruptcy Court. Docket No. 40, page 19 of 32 ("While Defendants may have a defense that each transfer resulted in the

- 2 -

reduction of Debtor's contractual liability to the Defendants in support of a finding of "reasonably equivalent value," the Complaint, as pled, demonstrates that the terms of the agreements may have resulted in the Debtor receiving less than "reasonably equivalent value" for the transfers made. See Mot. at 25. Accordingly, dismissal of Plaintiff's claim for fraudulent transfer based on constructive fraud is denied.").

The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988). While a court always has the power to revisit its interlocutory decisions prior to final judgment, "as a rule courts should be loathe to do so in the absence of extraordinary circumstances, . . . ." *Id.* at 817.

Weinstein makes no argument that extraordinary circumstances exist to revisit what the Court already considered and rejected. To the extent the Court is inclined to revisit the issue, Weinstein's argument should be rejected.

**1.    The Complaint Alleges Transfers To An Insider**

While satisfaction of antecedent debt is value, a "defendant is not entitled to retain a fraudulent conveyance merely because they were provided pursuant to a contract." *Jacobs v. Altorelli (In re Dewey & LeBoeuf LLP)*, 518 B.R. 766, 789 (Bankr. S.D.N.Y. 2014). Value does not necessarily mean reasonably equivalent value, which remains a question of fact. *See generally, SEC v. Whitworth Energy Res. Ltd.*, 26 Fed. Appx. 723 (9th Cir. Cal. 2002).

Many courts, dealing with repayment of insider claims, as in this case to Weinstein, have held that repayment of insider debt is not reasonably equivalent value where the insider is aware that the transferor is insolvent or will be rendered insolvent by the transfer. *See, e.g., Kipperman v. Onex Corp.*, 411 B.R. 805, 851 (N.D. Ga. 2009) ("A debtor receives equivalent value as required by section 548 if it makes a transfer to reduce its debt as long as the property conveyed is fairly equivalent in value to the debt satisfied and the transferee is not an officer, director, or major shareholder of the transferor."); *O'Toole v. Karnani (In re Trinsum Group, Inc.)*, 460 B.R. 379, 391 (Bankr. S.D.N.Y. 2011) (applying New York law).

- 3 -

In this case, as alleged in the Complaint, Weinstein was the controlling majority member of the Debtor, controlled all aspects of the Debtor's operations, and dictated the terms of the Distribution Agreement to the Debtor. In fact, Weinstein's CFO at the time signed the Distribution Agreement on behalf of the Debtor. Accordingly, the "insider exception" to the repayment of debt defense is applicable.

### 2. The Complaint Alleges That The Distribution Agreement Was A Fraudulent Transfer

More generally, the repayment of debt defense is only a valid defense if the underlying obligation is enforceable, and the underlying obligation cannot be enforceable if the underlying obligation itself was a fraudulent transfer. *See, e.g., Angell v. Endcom, Inc. (In re Tanglewood Farms, Inc.)*, 487 B.R. 705, 712-13 (Bankr. E.D.N.C. 2013) ("where the underlying obligation or debt has been avoided, any payments on account thereof 'could no longer be supported by the value of debt satisfaction since no debt would exist.'"); *TSIC, Inc. v. Thalheimer (In re TSIC, Inc.)*, 428 B.R. 103, 115 (Bankr. D. Del. 2010) ("Debtor can avoid the underlying obligation thereby effectively eliminating the debt. Because no debt existed, Debtor's transfer of Thalheimer's severance payment was for less than reasonably equivalent value.").

The heart of the Complaint is that the Distribution Agreement was an onerous agreement for which the Debtor did not receive reasonably equivalent value and rendered the Debtor insolvent. The Bankruptcy Court previously held that the Complaint adequately alleges that the Distribution Agreement was an avoidable fraudulent transfer. Accordingly, the Motion must be denied.

### B. The Fact That The Distribution Agreement Was Entered Into More Than Four Years Prior To The Petition Date Does Not Bar Avoidance Of The Transfers

Weinstein argues that the Trustee is time-barred from avoiding the Distribution Agreement because the Distribution Agreement was entered into more than four years prior to the commencement of the case. While Weinstein is not explicit, Weinstein is apparently arguing that if the Trustee is time-barred from avoiding the Distribution Agreement, then Weinstein will be

- 4 -

able to assert the repayment of debt defense even if the Distribution Agreement was a fraudulent transfer. Weinstein's argument must be rejected.

### 1. The Distribution Agreement Need Not Be Avoided To Render The Repayment Of Debt Defense Inapplicable.

The Trustee seeks to avoid monetary transfers made within four years of the petition date that were paid to satisfy obligations incurred pursuant to a contract entered into more than four years before the petition date. As set forth above, the repayment of debt defense is inapplicable where the repaid debt itself was a fraudulent transfer. The question presented by Weinstein is if the underlying obligation was, in fact, a fraudulent transfer, but was incurred beyond the statute of limitations, does that mean the transfers made within the statute of limitations on account of the fraudulent transfer cannot be avoided?

Weinstein does not cite any authority for its proposition that transfers made within the statute of limitations period on account of an otherwise avoidable contract entered into beyond the statute of limitations are insulated from avoidance. It is axiomatic that "the antecedent debt alleged in support of the conveyance must be a legally enforceable obligation of the grantor." *Hansen v. Cramer*, 39 Cal. 2d 321, 324 (1952).[1] Furthermore, "the determination of reasonable equivalence must be made as of the time of the transfer." *Gladstone v. Schaefer (In re UC Lofts On 4th, LLC)*, 2015 Bankr. LEXIS 3009 *48 (B.A.P. 9th Cir. 2015).

Here, at the time of each Transfer, the Complaint adequately alleges that the Debtor was satisfying an obligation that was an avoidable fraudulent transfer benefitting an insider. At the time of each Transfer, the Debtor did not receive reasonably equivalent value because the satisfied debt was unenforceable – the Debtor had a fraudulent transfer defense to any Distribution Agreement related claim that could be asserted by Weinstein. *See, e.g., Harris v. Mack*, 2013 U.S. Dist. LEXIS 13006 *19-20 (W.D. Tex. Jan. 31, 2013) (court denied summary judgment on plaintiffs' claims based upon defendant's evidence in support of fraudulent transfer

---

[1] Interpreting California law, the Ninth Circuit Court of Appeals has held that payment of an otherwise valid time-barred debt is not a constructive fraudulent transfer. *In re Prejean*, 994 F.2d 706 (9th Cir. 1993). As noted by the Ninth Circuit in the opinion, the holding is narrowly limited to debts otherwise valid except for the statute of limitations.

- 5 -

asserted as affirmative defense).  There is no statutory or public policy reason to insulate transfers made within the statute of limitations period from avoidance for the benefit of creditors simply because the fraudulent contract related to the transfers was executed outside of the statute of limitations period.

### 2. The Trustee Is Seeking To Avoid Obligations Incurred Within The Statute Of Limitations Period

Each of the Transfers was governed by the terms of the Distribution Agreement executed in 2006, but it is wrong for Weinstein to argue that the Trustee is seeking to avoid the 2006 Distribution Agreement.  As set forth in the Complaint, the Trustee is seeking to avoid "all obligations incurred under the Distribution Agreement."  [Docket No. 1, ¶¶ 41, 56].  And while the Distribution Agreement was executed in 2006, the obligations under the Distribution Agreement were incurred after the execution of the Distribution Agreement and continued until the Debtor ceased operations.

Pursuant to the Distribution Agreement, Weinstein granted the Debtor exclusive rights to distribute certain titles.  Docket No. 1, ¶ 15; Exhibit B, page 90. However, the Distribution Agreement did not create any concurrent obligation of the Debtor to distribute titles.  Instead, the Distribution Agreement provided the terms for any distribution that the Debtor subsequently agreed to undertake.[2]

In other words, there is no necessary connection between a monetary transfer to Weinstein in 2009 and the incurrence of an obligation in 2006 when the Distribution Agreement was executed.  The Debtor's actual obligations to Weinstein were not incurred and did not accrue until Weinstein provided specific titles to the Debtor for distribution.   Upon the delivery of a specific title, the Debtor was then contractually required to distribute the title and make payments to Weinstein in accordance with the terms of the Distribution Agreement.

Accordingly, for purposes of a statute of limitations analysis, to the extent relevant, the operative date is not the 2006 execution of the Distribution Agreement, but each date that the

---

[2] As a practical matter, the Debtor did not have any discretion to refuse to distribute a title, because Weinstein controlled the Debtor.

- 6 -

Debtor became contractually required to distribute a specific title, if not the date that the Debtor collected money on account of a title and was contractually obligated to pay a portion of the collected money to Weinstein. *See, e.g., Belfance v. Buonpane (In re Omega Door Co.)*, 399 B.R. 295, 304 (B.A.P. 6th Cir. 2009) (statute of limitations applicable to avoid installment payments triggered by date a payment was due and not when the underlying agreement was executed); *Tronox Inc. v. Anadarko Petroleum Corp. (In re Tronox Inc.)*, 429 B.R. 73, 201-02 (Bankr. S.D.N.Y. 2010) (same).

Accordingly, even if the Court were to conclude that the Debtor could not avoid the Distribution Agreement itself because the Distribution Agreement was executed more than four years before the petition date, the Trustee could still avoid each obligation pursuant to the Distribution Agreement that was incurred within the statute of limitations period. The identification and dates of those obligations, and linking a specific Transfer to a specific obligation, is fact intensive and cannot be determined on a motion on the pleadings.

### C. The Trustee May Proceed Under California Code of Civil Procedure § 338(d) If Some Or All Of His Claims Are Time-Barred Under California Civil Code § 3439.09(b)

Weinstein assumes the applicable statute of limitations is governed only by California Civil Code § 3439.09(b), which would be four years before the petition date of December 27, 2011.[3] If the Court determines that some or all of the Trustee's claims are time-barred under section 3439.09, then the Trustee will seek to proceed pursuant to California Code of Civil Procedure § 338(d), which is an alternative procedure for pursuing fraudulent transfer claims. *See generally, Macedo v. Bosio*, 86 Cal. App. 4th 1044 (Cal. App. 1st Dist. 2001).

---

[3] Pursuant to section 3439.09(a), the four year statute of limitations can be extended for actual fraudulent transfers if the creditor could not have reasonably have discovered the fraudulent transfer. While the Bankruptcy Court previously dismissed the Trustee's actual fraudulent transfer claim, the Trustee should be provided the opportunity to ask the Court to revisit that claim dismissal in the event the Court concludes that the statute of limitations bars certain of the constructive fraudulent transfer claims.

- 7 -

**II.**

**CONCLUSION**

The Bankruptcy Court denied Weinstein's motion to dismiss almost one year ago on October 23, 2015. Since that time, Weinstein has not produced a single document to the Trustee. Instead of producing documents, Weinstein has elected to relitigate its previously denied motion to dismiss for failure to state a claim. The Court should deny the Motion and instruct Weinstein to timely perform its discovery obligations.

DATED: October 18, 2016    **ROBINS KAPLAN LLP**

By:   /s/ David B. Shemano
     David B. Shemano
     James P. Menton, Jr.

Special Litigation Counsel for Alfred H. Siegel, Chapter 7 Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Robins Kaplan LLP
2049 Century Park East, Suite 3400
Los Angeles, CA 90067

**A true and correct copy of the foregoing document entitled: OPPOSITION OF ALFRED H. SIEGEL, CHAPTER 7 TRUSTEE, TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:**

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 18, 2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Alan R Friedman    afriedman@foxrothschild.com, dkatz@foxrothschild.com
- Mette H Kurth    mkurth@foxrothschild.com, pchlum@foxrothschild.com
- James P Menton    JPMenton@rkmc.com
- Manoj D Ramia    manoj.ramia@klgates.com, klgatesbankruptcy@klgates.com
- David B Shemano    dshemano@robinskaplan.com
- Alfred H Siegel (TR)    Al.siegel@asiegelandassoc.com, Lisa.irving@asiegelandassoc.com;Margo.tzeng@asiegelandassoc.com;asiegel@ecf.epiqsystems.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) October 18, 2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Sheri Bluebond
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1482 / Courtroom 1475
Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight

61247293.1

mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/18/2016 | Denise Wymore | /s/ Denise Wymore |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

61247293.1